UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:04-CR-108 RM |
| | ) | |
| ABDAL AZZIZ HAMMAD (01) | ) | |

OPINION and ORDER

This cause comes before the court on Abdal Hammad's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255 or, in the alternative, pursuant to 28 U.S.C. § 2241. Mr. Hammad asks the court to vacate his guilty plea and judgment of conviction and set this matter for trial.

*Claims under 28 U.S.C. § 2255*

Mr. Hammad filed a motion pursuant to 28 U.S.C. § 2255 in December 2006 asking that his sentence be vacated, set aside, or corrected. That motion was denied on January 19, 2007. Thus, Mr. Hammad's current petition for relief pursuant to 28 U.S.C. § 2255 must be considered to be a second or successive petition under § 2255. 28 U.S.C. § 2244 provides that before a second or successive motion is filed with the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Mr. Hammad doesn't state that he has asked the appropriate appellate court for such authorization, and his motion for relief under § 2255 must be denied as directed to the wrong court.

*Claims Under 28 U.S.C. § 2241*

Mr. Hammad claims, in the alternative, that the savings clause of § 2255 entitles him to relief pursuant to 28 U.S.C. § 2241. Section 2255 permits a prisoner to proceed under § 2241 where § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5. Mr. Hammad, however, hasn't alleged that he is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c); *see also* United States v. Trotter, 270 F.3d 1150, 1152 (7th Cir. 2001) ("The respondent has not informed us whether [he] remains on federal supervised release, which is a form of custody."), nor has he established that jurisdiction is proper in this court. *See* Morales v. Bezy, 499 F.3d 668, 670 (7th Cir. 2007) ("a § 2241 petition must be filed in the district in which the petitioner is confined rather than in the one in which he was sentenced"); United States v. Prevatte, 300 F.3d 792, 799 n.2 (7th Cir. 2002) ("A § 2241 petition, even when sought by way of the savings clause of § 2255, must be filed in the district of confinement, . . . not the district where the case was tried."). Mr. Hammad hasn't met his burden of establishing that this court has jurisdiction to consider his § 2241 claims. *See* Hart v. FedEx Ground Package Sys., Inc., 457 F.3d 675, 679 (7th Cir. 2006) ("In general, of course, the party invoking federal jurisdiction bears the burden of demonstrating its existence.").

*Conclusion*

Accordingly, Mr. Hammad's motion to vacate, set aside, or correct sentence [docket # 244]

(1) brought pursuant to 28 U.S.C. § 2255 is DENIED as a second or successive motion not properly before this court, and

(2) brought pursuant to 28 U.S.C. § 2241 is DENIED.

SO ORDERED.

ENTERED:   December 27, 2007


    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court